IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GE GROUP LIFE ASSURANCE COMPANY, | : | CIVIL NO. 3:02CV1701(JBA) |
| Plaintiff, | : | |
| v. | | |
| GREGORY DAVIS, | : | |
| Defendant. | : | January __, 2006 |

### MOTION TO SET ASIDE DEFAULT JUDGMENT AND NOTICE OF INTENT TO DISMISS WITHOUT PREJUDICE

COMES NOW, Plaintiff, pursuant to Fed. R. Civ. P. 55(d), 60(b)(6) and 41(a)(1) and moves that the Court enter an order as follows:

1.     That the Court set aside the default judgment entered by this Court on July 25, 2003 and return the case to the Court's active docket.

Upon return of the case to the active docket, the Plaintiff intends to dismiss this action without prejudice. The reasons and good cause for entry of the foregoing motion and the relief requested are set forth in full in the Memorandum in Support that is a part of this pleading.

WHEREFORE, Plaintiff prays that the Court grant the relief requested above and such other and further relief as it deems just and proper in the premises.

### MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT

COMES NOW Plaintiff and for its Memorandum in Support of the Motion to Set Aside Default Judgment and states and shows as follows:

CC 1559469v1

1. This action was commenced by Plaintiff on September 23, 2002 by filing a Complaint. Defendant was served with process on October 1, 2002.

2. After service of process, Defendant did not file an answer, responsive pleading or motion to dismiss. Further, at no time did Defendant file a motion for summary judgment.

3. On July 25, 2003 this Court entered a default judgment in favor of Plaintiff.

4. Subsequent to entry of the judgment, Plaintiff has learned that the judgment may be susceptible to collateral attack. Plaintiff believes that pursuant to ERISA 29, U.S.C. §1132 (e) and (f), jurisdiction and venue in this judicial district were properly laid. However, it is possible that Defendant could collaterally attack the judgment in this case by claiming that certain provisions of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §§ 1692, *et seq.* require that suit be brought in Defendant's jurisdiction of residence. Plaintiff disputes this proposition and believes that ERISA's jurisdiction and venue provisions control. However, out of an abundance of caution, Plaintiff seeks to have the judgment set aside and then intends to dismiss the case without prejudice for the purpose of filing a new action in the judicial district in which the Defendant resides.

5. Fed. R. Civ. 55(d) allows the Court to set aside a default and a default judgment for good cause shown. In addition Fed. R. Civ. P. 60(b)(6) allows the court to relieve a party from a judgment for any reason justifying relief from the judgment.

CC 1559469v1

- 3 -

6. The possible collateral attack on this judgment is good cause to set the judgment aside and allow Plaintiff to proceed with litigation in the forum of Defendant's residence.

7. Upon the entry of an order by the Court to set aside the judgment, Plaintiff intends to dismiss this matter without prejudice. Pursuant to Fed. R. Civ. P. 41(a)(1)(i) a Plaintiff may dismiss any action by filing a notice of dismissal at any time before service of an answer or motion for summary judgment. Here, Defendant has neither filed an answer nor motion for summary judgment.

WHEREFORE, for good cause shown as set forth above, Plaintiff prays that the Court enter an order setting side the default judgment entered in this case and return the case to the active docket of this Court and that the Court grant to Plaintiff such other and further relief as it deems is just and proper in the premises.

Respectfully submitted,

By: _____
Richard N. Bien
Brian Holland        phv0497
Lathrop & Gage L.C.
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108
Telephone: (816) 460-5520
Telecopier: (816) 292-2001
E-mail: rbien@lathropgage.com
E-mail: bholland@lathropgage.com

CC 1559469v1